**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DONALD WINNETT,                                                                    PLAINTIFF
ADC #139544

V.                                          2:12-cv-00021-JLH-JJV

DANNY BURL, Warden, East Arkansas
Regional Unit, Arkansas Department of
Correction; *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J.

Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at  the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, Donald Winnett, is incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction.   He filed this *pro se* action against Defendants pursuant to 42 U.S.C. § 1983, seeking damages for denial of access to the courts.

After carefully reviewing the documents submitted by Plaintiff, the Court concludes Plaintiff's Complaint should be dismissed for failure to state a claim, as barred by res judicata and collateral estoppel.

**I.     SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

*pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,*

780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007).   The Court must also weight all factual allegations in favor of the plaintiff, unless

the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## II.    ANALYSIS

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against

defendants who have violated their rights while acting under color of state law.   *Griffin-El v. MCI*

*Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993).  The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress, except that in any action brought
> against a judicial officer for an act or omission taken in such officer's judicial
> capacity, injunctive relief shall not be granted unless a declaratory decree was
> violated or declaratory relief was unavailable. For the purposes of this section, any
> Act of Congress applicable exclusively to the District of Columbia shall be
> considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

In his Complaint, Plaintiff alleges that Defendants Burl and Brown denied him the right to

obtain legal assistance from a jailhouse attorney, which resulted in denial of the writ of certiorari

he filed with the United States Supreme Court.  He also claims Defendants denied him legal supplies

such as pens, paper and envelopes.  Plaintiff acknowledges he filed a prior lawsuit concerning this

issue and intends to use material from that case in this case.

In *Winnett v. Burl, et al.*, 2:11-cv-00032-SWW-BD (hereinafter "*Winnett 1*"),  Plaintiff sued Defendants Burl, Brown, and others, alleging the same claims set forth in this case – denial of access to the courts due to the lack of legal assistance and the ultimate denial of his writ of certiorari by the United States Supreme Court.[1]   The court in *Winnett 1* granted the motion for judgment on the pleadings filed by Defendants Burl and Brown, finding that Plaintiff did not state a claim for denial of access to the courts against them.  (*Id*., Doc. Nos. 99, 113.)   The court stated that although Plaintiff claimed denial of legal assistance resulting in dismissal of his writ, he admitted he was given access to the law library.  (*Id*. at Doc. 99.)   While Plaintiff complained about denial of legal materials and Defendants' failure to properly complete a form necessary to his writ, the court stated he could not show that a non-frivolous or meritorious claim was impeded, citing *White v. Kautzky*, 494 F.3d 677, 679-80 (8th Cir. 2007).  (*Id*.)  In *White*, the court cited *Bounds v. Smith*, 430 U.S. 817, 828 (1977), where the United States Supreme Court held that meaningful access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries **or** adequate assistance from persons trained in the law."  (Emphasis added.)   In addition, the *White* court also cited other Supreme Court cases providing that "to prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."[2]

The *Winnett 1* court then reviewed the case from which Plaintiff originally sought the writ

---

[1]Plaintiff also alleges retaliation by another defendant, which remains pending.

[2]494 F.3d at 680, citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), and *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

4

of certiorari, and found that Winnett did not allege that his appeal in that case was "nonfrivolous" or "arguably meritorious," as set forth in *Bounds* and *White*.[3]

The doctrine of res judicata precludes "relitigation of a claim on grounds that were raised or could have been raised in the prior action." *Followell v. United States*, 532 F.3d 707, 708 (8th Cir. 2008).  The doctrine of collateral estoppel prevents the relitigation of an issue which was previously decided in another case.  *Harben v. Dillard II*, No. 4:09cv00395 BSM, 2010 WL 3893980 (E.D.Ark. 2010).

In this case, the Court finds that the same claims against the same defendants raised by Winnett in this case were raised and addressed in *Winnett 1*, and therefore, this case should be dismissed on the grounds of res judicata and collateral estoppel.

## III.   CONCLUSION

IT IS, THEREFORE,  RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim, as barred by res judicata and collateral estoppel.

2.      This dismissal constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[4]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

---

[3]Winnett's writ of certiorari was an attempt to appeal the decision in *Winnett v. Saline County Jail*, 372 Fed.Appx. 688 (8th Cir. 2010) (unpubl. per curiam), where the United States Court of Appeals for the Eighth Circuit upheld the trial court's decision granting summary judgment on his official capacity claims against the defendants, where Winnett "neither alleged nor presented evidence indicating that defendants had acted pursuant to an official custom or policy of the County."  *Id.* at 690.

[4]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

appeal from any order adopting these recommendations would not be taken in good faith.

DATED  this 6th day of March, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE